**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION – CINCINNATI**

| | | |
|---|---|---|
| MELINDA JEAN JACKSON, | : | Case No. 1:25-cv-696 |
| | : | |
| Plaintiff, | : | Judge Matthew W. McFarland |
| | : | |
| v. | : | |
| | : | |
| STEPHANIE EAKES, et al., | : | |
| | : | |
| Defendants. | : | |

---

**ORDER ADOPTING REPORT AND RECOMMENDATION (Doc. 11)**

---

The Court has thoroughly reviewed the Report and Recommendation (Doc. 11) of United States Magistrate Judge Karen L. Litkovitz, to whom this case is referred. It does not appear that Plaintiff has filed any objections to the Report and Recommendation. This amounts to waiver on Plaintiff's part. *Hill v. United States*, 308 F. Supp. 3d 939, 943 (S.D. Ohio 2018). And, even if the Court were to construe Plaintiff's Notice (Doc. 14) as objections, they would not be well taken.

The Court conducts de novo review of any portions of the Report and Recommendation properly objected to by a party. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). "The filing of vague, general, or conclusory objections," however, "does not meet the requirement of specific objections and is tantamount to a complete failure to object." *Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001); *see also Arteaga v. Cinram-Technicolor*, No. 3:19-CV-349, 2022 WL 1256659, at *1 (M.D. Tenn. Apr. 27, 2022) (distinguishing between properly specified objections and general objections).

The Magistrate Judge recommends dismissing Plaintiff's claims against Defendants Stephanie Eakes, Dereck Gabrielle, and Raymond Brogner without prejudice. (Report, Doc. 11, Pg. ID 60.) For present Title VII purposes, an "employer" is defined as "a person engaged in an industry affecting commerce who has fifteen or more employees." 42 U.S.C. § 2000e(b). As the Sixth Circuit has held, "an individual employee/supervisor, who does not otherwise qualify as an 'employer,' may not be held personally liable under Title VII." *Wathen v. Gen. Elec. Co.*, 115 F.3d 400, 405 (6th Cir. 1997). Here, Plaintiff's claims fail against these individuals because Plaintiff has not provided any plausible allegations that they were "employers" as defined under Title VII. (Report, Doc. 11, Pg. ID 59.)

Plaintiff's Notice (Doc. 14) appears to summarize certain allegations, but it does not change the analysis. Moreover, Plaintiff's Amended Complaint (Doc. 15) does not provide any plausible allegations that these individuals were employers for Title VII purposes. *See Reagan v. Hull*, 99 F. App'x 734, 736 (6th Cir. 2004) ("If a complaint satisfies the criteria set forth in [28 U.S.C.] § 1915(e) when filed, the district court is required to dismiss the complaint without affording the plaintiff an opportunity to amend it.").

Accordingly, to the extent that Plaintiff's Notice (Doc. 14) can be construed as objections, such objections are **OVERRULED**. The Court hereby **ADOPTS** the Report and Recommendation (Doc. 11) in full. Plaintiff's claims against Defendants Stephanie Eakes, Dereck Gabrielle, and Raymond Brogner are **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: ______________________________
JUDGE MATTHEW W. McFARLAND